UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CHRISTOPHER E. BROWN, :
*an individual*, :
 :
 : **JURY TRIAL NOT DEMANDED**
    Plaintiff, :
 :
vs. :
 :
 : **Index No.**
GGP NIMBUS, L.P., :
*a Delaware Limited Partnership*, : Judge
 :
    Defendant. :
------------------------------------------------------------x

## COMPLAINT

Plaintiff, CHRISTOPHER E. BROWN (hereinafter "MR. BROWN" or "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues Defendant, GGP NIMBUS, L.P., a Delaware Limited Partnership, for damages, declaratory and injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA"), the New York Civil Rights Law, N.Y. Civ. Rights § 40 et seq., and N.Y. Exec. § 296(2)(a) and alleges:

## JURISDICTION AND PARTIES

1. This is an action for damages, declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"), the New York Civil Rights Law, N.Y. Civ. Rights § 40 et seq., and N.Y. Exec. § 296 et seq. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and pendant and supplemental jurisdiction over state law claims that are alleged herein pursuant to 42 U.S.C. § 1367, et seq.

1

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. MR. BROWN is a resident of the State of New York.

4. MR. BROWN suffers from Arthrogryposis, which causes him to be confined to a wheelchair. The condition also causes atrophy in his arms, hands, shoulders and elbows, which makes it extremely difficult to reach for, grip and manipulate objects.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. Upon information and belief, Defendant, GGP NIMBUS, L.P., (hereinafter referred to as "Defendant") is a Delaware Limited Partnership registered to do business in the State of New York. Upon information and belief, Defendant is the owner, leasor and/or operator of the real property and improvements which are the subject of this action, to wit: the "Property," generally located at 28 Marsh Avenue, Staten Island, New York 10314. Defendant is subject to compliance with the ADA.

7. All events giving rise to this lawsuit occurred in the Eastern District of New York.

### COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. The allegations set forth in the foregoing paragraphs are incorporated by reference as if fully set forth herein.

9. The Property, a shopping center, is a place of public accommodation and is subject to the ADA.

10. MR. BROWN has visited the Defendant's Property numerous times over the last two years.

11. However, during his visits, MR. BROWN experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein.

12. Due to these barriers, MR. BROWN was denied and continues to be denied the full and equal enjoyment of the goods and services offered at the Property.

13. MR. BROWN intends to and will visit the Property to utilize the goods and services in the near future, but fears that he will face the same barriers to access as discussed herein.

14. Defendant is in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.302 et seq. and is discriminating against the Plaintiff due to, but not limited to, its failure to provide and/or correct, the below architectural barriers to access, which were personally encountered by Plaintiff and hindered his access to the Property:

    A. Plaintiff encountered inaccessible parking designated as accessible due excessive slopes throughout the property;

    B. Plaintiff encountered inaccessible parking designated for disabled use because many spaces lack proper adjacent access aisles;

    C. Plaintiff encountered inaccessible curb ramps near the Babies R' Us store due to steep slopes and steep side flares;

    D. Plaintiff encountered inaccessible sidewalk routes near the Massage Envy store due to excessive slopes and a lack of proper handrails.

15. Furthermore, the Defendant continues to discriminate against the Plaintiff by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

16. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

17. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

20. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

**COUNT II-VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW**

21. The allegations set forth in the foregoing paragraphs are incorporated by reference as if fully set forth herein.

22. Defendant operates a business establishment dealing with goods and/or services within the State of New York and, as such, is obligated to comply with the provisions of the NYSHRL, N.Y. Exec. Law § 290 et seq.

23. The conduct alleged herein violates the ADA.

24. The conduct alleged herein violates the NYSHRL.

25. The NYSHRL states that "[i]t shall be an unlawful discriminatory practice for any . . . owner . . . of any place of public accommodation, . . .because of the . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof[.]" N.Y. Exec. Law § 296(2)(a).

26. Defendant has violated the NYSHRL by, *inter alia*, denying Plaintiff the accommodations, advantages, facilities or privileges offered by Defendant and by refusing to make reasonable modifications to accommodate disabled persons.

27. In doing the acts and/or omission alleged herein, Defendant has wrongfully and unlawfully denied access to its facilities to individuals with disabilities.

28. The Defendant has further violated the NYSHRL by being in violation of the rights provided under the ADA.

29. Plaintiff visited Defendant's Property numerous times and encountered the architectural barriers described herein.

30. By maintaining architectural barriers and policies that discriminate against people with disabilities through the actions described above, Defendant has, directly or indirectly,

refused, withheld, and/or denied to Plaintiff, because of his disability, the accommodations, advantages, facilities or privileges thereof provided by Defendant. Failure on the part of Defendant, as owner and/or operator of the place of public accommodation, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of Defendant.

31. Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

32. Plaintiff prays for judgment pursuant to the NYSHRL, N.Y. Exec. Law § 297, including compensatory damages contemplated by § 297(9).

## COUNT III-VIOLATION OF NEW YORK CIVIL RIGHTS LAW

### (N.Y. Civ. Rights Law §§ 40-c and 40-d)

33. Plaintiff hereby incorporates by reference all allegations contained in all preceding paragraphs of this Complaint as if they were expressly set forth herein.

34. As owner and/or operator of a place of public accommodation within the jurisdiction of the State of New York, Defendant is obligated to comply with the provisions of the NYCRL, N.Y. Civ. Rights § 40 et seq.

35. The conduct alleged herein violates the NYCRL.

36. Plaintiff has complied with the notice requirements of § 40-d as notice of this action was served upon the attorney general prior to initiating suit.

37. Section 40-c of the NYCRL states that "[n]o person shall, because of . . . disability . . . be subjected to any discrimination in his or her civil rights . . . by any firm, corporation or institution[.]"

38. The Defendant has violated the NYCRL section 40-c, *inter alia*, by subjecting Plaintiff as a person with a disability, to discrimination of his civil rights.

39. The Defendant has further violated the NYCRL by being in violation of the rights provided under the ADA.

40. This has resulted in a cognizable injury to Plaintiff.

41. Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

42. Plaintiff prays for judgment pursuant to NYCRL § 40-d, including minimum statutory damages, and all other relief allowed by law.

**WHEREFORE**, the Plaintiff demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

    A. That the Court declares that the Property owned, leased and/or operated by DEFENDANT is in violation of the ADA;

    B. That the Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing DEFENDANT to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete corrective procedures.

    D. That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff;

  E.  That the Court award statutory damages to the Plaintiff under the New York Civil Rights Law; and

  F.  That the Court awards such other and further relief as it deems necessary, just and proper.

Dated: November 14, 2014

         **KU & MUSSMAN, P.A.**
         *Attorneys for Plaintiff*
         12550 Biscayne Blvd., Suite 406
         Miami, FL 33181
         Tel: (305) 891-1322
         Fax: (305) 891-4512


        By: */s/ Olivia D. Rosario*
         **KU & MUSSMAN, P.A.**
         *Attorney for Plaintiff*
         Olivia D. Rosario (OR5730)
         Law Office of Olivia D. Rosario
         *Of Counsel*
         31-19 Newtown Avenue, Suite 901
         Long Island City, New York 11102
         T: (212) 349-1836
         F: (212) 268-5012